UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO PRADO,<br><br>Petitioner,<br><br>v.<br><br>S. WILLIAMS, Warden,<br><br>Respondent. | Case No. 1:25-cv-00319-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed the instant petition on March 17, 2025, challenging his 1999 convictions in Tulare County Superior Court. (Doc. 1.) Because the petition is successive and fails to state a claim, the Court will recommend it be **DISMISSED**.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v.

Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

A.   Successive Petition

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

In Grounds One, Two and Four of the petition, Petitioner challenges his 1999 convictions in the Tulare County Superior Court for first-degree murder and four counts of attempted murder. (Doc. 1 at 1.) Petitioner previously sought federal habeas relief in this Court with respect to the same conviction several times[1]: Prado v. Clark, No. 1:08-cv-01012-AWI-SAB (dismissed as untimely); Prado v. Fox, No. 1:18-cv-00839-EPG (dismissed as successive); Prado v. Cueva, No. 1:23-cv-01521-KES-EPG (petition challenging resentencing dismissed for failure to state a claim). The Court finds that the instant petition is "second or successive"

---

[1] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  under 28 U.S.C. § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009)
2  (holding "dismissal of a first habeas petition for untimeliness presents a 'permanent and
3  incurable' bar to federal review of the underlying claims," and thus renders subsequent
4  petitions "second or successive"). Because Petitioner has already filed a federal petition for writ
5  of habeas corpus regarding his 1999 convictions, he cannot file another petition in this Court
6  regarding the same convictions without first obtaining permission from the United States Court
7  of Appeals for the Ninth Circuit. Here, Petitioner makes no showing that he has obtained prior
8  leave from the Ninth Circuit to file his successive petition. Therefore, this Court has no
9  jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and
10 must dismiss the petition. See Burton, 549 U.S. at 157.

B.     Failure to State a Claim

In Ground Three of the petition, Petitioner challenges the Tulare County Superior Court's June 6, 2023, denial of a petition for resentencing pursuant to Cal. Penal Code § 1172.6. He claims the state court erred under state statute by admitting certain evidence. By statute, federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Whether the state court erred in the admission of evidence in the resentencing hearing is purely an issue of state law that is not cognizable in federal habeas corpus. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) ("We accept a state court's interpretation of state law, and alleged errors in the application of state law are not cognizable in federal habeas corpus." (citation omitted)). Accordingly, Ground Three fails to state a cognizable claim for federal habeas corpus relief.

**ORDER**

Accordingly, the Clerk of Court is DIRECTED to assign a District Judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the petition be DISMISSED as successive and for failure to state a claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:  **March 19, 2025**                    /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE

4