UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO PRADO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>S. WILLIAMS, Warden,<br><br>　　　　　Respondent. | No. 1:25-cv-00319-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>Doc. 5 |

　　　　Petitioner Alejandro Prado is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On March 19, 2025, the assigned magistrate judge issued findings and recommendations. Doc. 5. The findings and recommendations concluded that Grounds One, Two, and Four of the petition should be dismissed for lack of jurisdiction because those claims are successive and petitioner did not obtain leave from the court of appeals before filing, as required by 28 U.S.C. § 2244(b)(3)(A). *Id.* The findings and recommendations also concluded that Ground Three of the petition, which challenges the state court's denial of a petition for resentencing pursuant to

California Penal Code § 1172.6, should be dismissed for failure to state a claim. Doc. 5. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. No objections have been filed, and the deadline to do so has expired.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the Court turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be denied debatable or wrong, or that the petition deserves encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

///

///

///

///

Accordingly,

1. The findings and recommendations issued on March 19, 2025, Doc. 5, are adopted in full;
2. The petition for writ of habeas corpus is dismissed with prejudice;
3. The Clerk of Court is directed to enter judgment and close the case; and
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  April 30, 2025

UNITED STATES DISTRICT JUDGE